## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**                    **Attorney for** Plaintiff
**BY:** Thomas Reilly
     Kori A. Connelly
Identification No. 25766/85633
Two Liberty Place  -  28ᵗʰ Floor
50 South 16ᵗʰ Street
Philadelphia, PA 19102
(215)564-5190

| | |
|---|---|
| MICHAEL EMMETT,<br>              Plaintiff,<br><br>   vs.<br><br>KWIK LOK CORPORATION,<br>          Defendant. | CIVIL ACTION NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Michael Emmett ("Emmett") brings this action against his former employer, Kwik Lok Corporation, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff alleges he was discriminated against, subjected to a hostile work environment and retaliated against by Defendant in violation of the ADEA and PHRA when Defendant terminated Plaintiff's employment in September, 2009.

- 1 -

## II.   **PARTIES**

1.     Plaintiff, Michael Emmett is, and at all relevant times has been, a citizen of the Commonwealth of Pennsylvania, residing at 236 Hibiscus Drive, Chalfont, PA 18914.

2.     Defendant, Kwik Lok Corporation ("Kwik Lok" or "Company"), upon information and belief, is a corporation with its principal place of business located at Executive Offices, 2712 S. 16th Avenue, P.O. Box 9548, Yakima, WA 98909.

3.     Defendant manufactures and sells products, including its all-plastic bag closure and related products, to third parties, including customers located in Pennsylvania.

4.     During Plaintiff's employment with Defendant, Defendant listed Plaintiff's home address as its Mid-Atlantic Sales Office.

5.     At all relevant times hereto, Defendant acted by and through its duly authorized agents, servants, workmen and employees, acting within the course and scope of their agency and employment and in furtherance of Defendant's mission, business and affairs.

## III.   **JURISDICTION AND VENUE**

6.     This Court has jurisdiction over this action, and in particular, Plaintiff's claims arising under the ADEA, pursuant to 29 U.S.C. §626(c)(1) and 28 U.S.C. §§1331 and 1343(a).

7.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the PHRA pursuant to 28 U.S.C. §1367(a).

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

8.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b), in that all or a substantial part of the events and occurrences giving rise to Plaintiff's claims occurred in this District.

## IV.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.     On or about January 19, 2010, Plaintiff filed a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"), in which Plaintiff complained of acts of discrimination, harassment and retaliation as alleged herein.

10.     On or about January 3, 2011, the EEOC issued Plaintiff a Notice of Right to Sue, informing him that the EEOC was closing his case and that he was required to file a lawsuit against Defendant under the ADEA within 90 days of his receipt of the Notice. Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Right to Sue, which Plaintiff incorporates herein by reference.

11.     The Charge of Discrimination was filed with the Pennsylvania Human Relations Commission more than one year prior to the commencement of this lawsuit.

12.     Plaintiff has instituted this action within the time proscribed by the Notice of Right to Sue; and Plaintiff has, therefore, commenced this action in a timely manner.

13.     Plaintiff has fully complied with all administrative prerequisites and requirements for commencing an action against Defendant under the ADEA and the

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

PHRA.

## V.   **FACTUAL ALLEGATIONS**

14.   Plaintiff Michael Emmett was born on August 15, 1956 and is presently 54 years of age.

15.   Plaintiff was hired by Defendant in or around May, 1993, as a regional sales manager.

16.   Plaintiff held the position of regional sales manager from approximately May, 1993 until his termination from employment by letter dated September 4, 2009.

17.   At all relevant times, Plaintiff performed his job responsibilities in a highly competent manner.

18.   Plaintiff secured the single largest dollar value equipment order in the Company's history and was named "Salesman of the Year" for the 1995-1996 and 2004-2005 fiscal years.

19.   Prior to Plaintiff's termination from employment, Plaintiff's direct supervisor was Rich Zaremba ("Zaremba"), the Eastern Divisional Sales Manager.

20.   Prior to Plaintiff's termination from employment, Zaremba made age-biased remarks and comments to or in the presence of Plaintiff. By way of example:

(a)   Zaremba told Emmett: "I wouldn't want you to get bored at your job. At 52, it's hard to find a new job. There is a lot of young guys looking for work."

(b)   Zaremba asked Emmett: "how is your health and is your mortgage paid off?"

21.   In addition to the aforementioned discriminatory statements made by

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

Zaremba, at a sales conference, Hal Miller ("Miller"), Vice President of Sales, stated that the "young guys" in Europe were doing a good job.

22.     By memo dated June 27, 2008, Plaintiff complained to Hal Miller, Vice President of Sales, that Zaremba had made an inappropriate and discriminatory age-biased comment to Plaintiff.

23.     When Miller was called to discuss Plaintiff's complaint of age discrimination, Miller accused Plaintiff of "building a case" and told Plaintiff that Plaintiff should work with Zaremba to resolve the problem.

24.     During the discussion concerning Plaintiff's complaint of age discrimination, Miller also stated that he was trying to "send a message" to Plaintiff through Zaremba.

25.     After Plaintiff complained about the discriminatory and harassing comment made by Zaremba, at a Kwik Lok sales conference in or around July, 2008, Miller ostracized Plaintiff and did not recognize Plaintiff's achievement for securing the single largest dollar value equipment order in the Company's history in retaliation for Plaintiff's complaint about age discrimination.

26.     Despite Plaintiff's sixteen (16) years of outstanding performance, by letter dated September 4, 2009, which was sent via federal express to Plaintiff's home office and received on September 8, 2009, Plaintiff was advised that his employment with Defendant would be terminated effective September 8, 2009. A true and correct copy of the termination letter is attached hereto as Exhibit B and incorporated herein by reference.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

27.     Specifically, Plaintiff was advised by letter dated September 4, 2009 that he was terminated from his long-standing employment with Defendant because:

(a)     According to Miller, Kwik Lok did not agree to the "twelve thousand label per carton count", but rather a "+ or – standard" which Plaintiff was "'obliged' to explain and support";

(b)     Because Plaintiff failed to "defend, support and explain company procedures and policies";

(c)     Because Plaintiff had "too many issues with management";

(d)     Because Plaintiff was "unenthusiastic about their work, who are constantly critical of their company and co-workers and who are obviously unhappy on the job."

*See* Exhibit B.

28.     Plaintiff was further advised by the termination letter that he was required to return his company car, gas credit card, laptop and all company software, cell phone, fax machine and demo machines within a day from receipt of the letter and that he would be required to refund to Kwik Lok $300.00 that Kwik Lok "advanced" to him for future expenses when he was hired in 1993. *See* Exhibit B.

29.     Within an hour after receiving the termination letter, Plaintiff suffered a near fatal heart attack, necessitating emergency medical treatment and inpatient treatment and resulting in the incurring of medical bills.

30.     The only reason provided by Defendant for Plaintiff's abrupt and wrongful termination was that Plaintiff had allegedly failed to explain and support a

company policy concerning the sale of labels on a "+ and - rule" to a customer who had requested an exact count of the product ordered but did not receive it and because Plaintiff was allegedly "constantly critical" of management.

31.   The reason given for Plaintiff's termination is pretext because Plaintiff' supervisor, Rich Zaremba, had agreed with the customer at issue to disregard the defendant's "+ and - rule" at the customer's request and to provide an exact count of the product ordered.

32.   Rich Zaremba did not receive any discipline for disregarding the company policy that Plaintiff was terminated for not explaining and supporting.

33.   In addition, the decision to terminate Plaintiff from his employment because he allegedly constantly criticized management was pretext because the only time Plaintiff formally criticized management concerned the inappropriate and discriminatory age-biased comment made by Rich Zaremba.

34.   Upon information and belief, other, younger, similarly situated employees have criticized management and/or production and have not been terminated.

35.   Upon information and belief, the decision to terminate the employment of Plaintiff was made by Hal Miller and Rich Zaremba, acting in concert on behalf of Defendant and was approved by Jerre Paxton, owner and President of Defendant.

36.   Defendant has failed to provide a legitimate, non-discriminatory reason for Plaintiff's termination.

37.   Plaintiff's age was a motivating and determinative factor in Defendant's

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

decision to terminate Plaintiff's employment.

38.     Defendant terminated Plaintiff in retaliation for his complaint of age discrimination.

39.     After Plaintiff's termination from employment, his sales territory was reorganized, resulting in the most lucrative account being assigned to a sales manager who was significantly younger than Plaintiff.

40.     After Plaintiff's termination and after Defendant was aware of Plaintiff's intent to bring claims for age discrimination, hostile work environment and retaliation, Defendant offered additional reasons to support the pretextual decision to terminate Plaintiff, including:

> (a)     that he had a low volume of sales calls;
>
> (b)     had "family issues"; and
>
> (c)     "never lived up to expectations".

41.     These after-the-fact reasons claimed by Defendant are false and pretextual and are contradicted by Plaintiff's overall performance record and were not referenced in the termination letter dated September 4, 2009. Plaintiff was never warned nor counseled on any of these issues.

42.     After Plaintiff's termination and after Defendant was aware of Plaintiff's intent to bring claims for age discrimination, hostile work environment and retaliation, Miller, on behalf of Defendant, admitted that no one has ever submitted a written complaint in the history of the Company and that Miller believed Plaintiff's complaint concerning age discrimination was not "not how things are done

- 8 -

at Kwik Lok", and not how to "treat family."

43.     As a direct and proximate result of the discriminatory, harassing and retaliatory conduct of Defendant, Plaintiff has suffered and will suffer a loss of earnings and/or earning capacity, loss of employee benefits, pain and suffering, mental anguish, embarrassment, humiliation, loss of self esteem and other damages, the full extent of which is not known at this time.

44.     As a direct and proximate result of the discriminatory, harassing and retaliatory conduct of Defendant, Plaintiff suffered a heart attack, requiring medical treatment and resulting in the incurring of medical bills and other damages, the full extent of which is not known at this time.

## COUNT I – ADEA (AGE DISCRIMINATION)

45.     Plaintiff incorporates herein by reference paragraphs 1 through 44 above, as if set forth herein in their entirety.

46.     Because Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate his employment, Defendant violated the ADEA when it terminated Plaintiff.

47.     Defendant's discriminatory termination of Plaintiff in violation of the ADEA was willful, thereby warranting the imposition of liquidated damages.

48.     As a direct and proximate result of Defendant's discriminatory termination of Plaintiff in violation of the ADEA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

49.   As a further direct and proximate result of Defendant's discriminatory termination of Plaintiff in violation of the ADEA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

## COUNT II – ADEA (HARASSMENT)

50.   Plaintiff incorporates herein by reference paragraphs 1 through 49 above, as if set forth herein in their entirety.

51.   Defendant, through its employee Rich Zaremba, harassed Plaintiff unlawfully and subjected him to a hostile work environment by threatening his employment and making discriminatory age-biased comments described above.

52.   Zaremba's harassment and age-biased comments continued, even after Plaintiff submitted a formal complaint to management concerning the discrimination and harassment.

53.   In addition, Plaintiff was harassed by the discriminatory age-biased comments made and actions taken by Vice President of Sales, Hal Miller, as described above.

54.   No written response was provided, nor formal action taken in response to Plaintiff's complaint about the discrimination and harassment.

55.   Plaintiff was subject to a hostile work environment through these statements which evidenced a clear age-bias and were intended to intimidate older workers for reasons solely related to age.

56.   Defendant violated the ADEA when it subjected Plaintiff to this hostile

- 10 -

work environment.

57.   Defendant's harassment in violation of the ADEA was willful, thereby warranting the imposition of liquidated damages.

58.   As a direct and proximate result of Defendant's harassment in violation of the ADEA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

59.   As a further direct and proximate result of Defendant's harassment in violation of the ADEA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

## COUNT III – ADEA (RETALIATION)

60.   Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.   After Plaintiff complained to Hal Miller, Vice President of Sales, in June, 2008 about an inappropriate and discriminatory age-biased comment made by Plaintiff's direct supervisor, Plaintiff was retaliated against in violation of the ADEA.

62.   As detailed above, Plaintiff was inappropriately questioned and threatened during his discussion with Miller about his complaint of age discrimination.

63.   Thereafter, Miller ostracized Plaintiff and did not recognize my achievement for securing the single largest dollar value equipment order in the Company's history.

- 11 -

64.    Plaintiff's termination was in retaliation for his complaint to Miller about his supervisor's inappropriate, age-biased, discriminatory comment.

65.    Defendant violated the ADEA when it terminated Plaintiff for his complaint of age discrimination.

66.    Defendant's retaliatory termination of Plaintiff in violation of the ADEA was willful, thereby warranting the imposition of liquidated damages.

67.    As a direct and proximate result of Defendant's retaliatory termination of Plaintiff in violation of the ADEA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

68.    As a further direct and proximate result of Defendant's retaliatory termination of Plaintiff in violation of the ADEA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

## COUNT IV – PHRA (DISCRIMINATION)

69.    Plaintiff incorporates herein by reference paragraphs 1 through 68 above, as if set forth herein in their entirety.

70.    Because Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate his employment, Defendant violated the PHRA when it terminated Plaintiff.

71.    Defendant's discriminatory termination of Plaintiff in violation of the PHRA was willful and intentional.

- 12 -

72.    As a direct and proximate result of Defendant's discriminatory termination of Plaintiff in violation of the PHRA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

73.    As a further direct and proximate result of Defendant's discriminatory termination of Plaintiff in violation of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

## COUNT V – PHRA (HARASSMENT)

74.    Plaintiff incorporates herein by reference paragraphs 1 through 73 above, as if set forth herein in their entirety.

75.    By committing and engaging in the foregoing acts of age discrimination, harassment and retaliation against Plaintiff, Defendant violated the PHRA.

76.    Defendant's harassment and creation of a hostile work environment in violation of the PHRA was willful and intentional.

77.    As a direct and proximate result of Defendant's harassment and hostile work environment in violation of the PHRA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

78.    As a further direct and proximate result of Defendant's harassment in violation of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

- 13 -

## COUNT VI – PHRA (RETALIATION)

79.     Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80.     By committing and engaging in the foregoing acts of age discrimination, harassment and retaliation against Plaintiff, Defendant violated the PHRA by terminating Plaintiff's employment in retaliation for his complaint to Miller about his supervisor's inappropriate, age-biased, discriminatory comment.

81.     Defendant's retaliatory termination of Plaintiff in violation of the PHRA was willful and intentional.

82.     As a direct and proximate result of Defendant's retaliatory termination of Plaintiff in violation of the PHRA, Plaintiff has suffered and will suffer those damages and losses which are set forth herein; and in addition, Plaintiff has incurred and will incur attorneys' fees and costs.

83.     As a further direct and proximate result of Defendant's retaliatory termination of Plaintiff in violation of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to appropriate equitable and/or injunctive relief.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff Michael Emmett prays that the Court grant the following relief to Plaintiff to remedy Defendant's violations of the ADEA and PHRA:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

- 14 -

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations by Defendant of the ADEA and PHRA alleged herein;

(d)     awarding compensatory damages to Plaintiff under the ADEA and PHRA to make Plaintiff whole, including but not limited to back pay, front or prospective pay, past and future lost earnings and/or loss of earning capacity, and the value of past and future lost employee benefits;

(e)     awarding liquidated damages to Plaintiff under the ADEA;

(f)     awarding compensatory damages to Plaintiff under the PHRA for past and future pain and suffering, medical bills, mental anguish, embarrassment, humiliation and loss of self esteem;

(g)     awarding Plaintiff such other damages as are appropriate and recoverable under the ADEA and/or PHRA;

(h)     awarding pre-judgment interest to Plaintiff;

(i)     awarding Plaintiff reasonable attorneys' fees, costs of suit and expert fees; and

(j)     granting such other and further relief as the Court may deem just, proper and equitable.

- 15 -

SWARTZ CAMPBELL LLC


Thomas F. Reilly, Esquire
Kori Connelly, Esquire
Attorneys for Plaintiff Michael Emmett